IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CLYDE YANDELL, | Civil Action No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| GATHER TECHNOLOGIES, INC., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Clyde Yandell (hereinafter "Plaintiff" or "Mr. Yandell"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for damages, liquidated damages, and reasonable attorney fees for Defendant's violation of his rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.* (hereinafter "ADA").

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 12117.

3.

Defendant Gather Technologies, Inc. (hereinafter "Defendant" or "Gather") does business in this judicial district.  Additionally, the unlawful employment practices alleged in this Complaint were committed within this district.  In accordance with 28 U.S.C. § 1391, venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is a male citizen of the United States of America and a resident of the State of Georgia.  Plaintiff is subject to the jurisdiction of this Court.

5.

Defendant Gather Techonologies, Inc. is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant Gather Techonologies, Inc. may be served by delivering a copy of the summons and complaint to its registered agent, Paracorp Incorporated, located at 453 Hardy Ives Lane, Lawrenceville, Georgia 30045.

7.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

8.

Defendant is now and, at all times relevant hereto, has been a foreign corporation.  During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under the ADA.  Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

## ADMINISTRATIVE PROCEDURES

9.

Plaintiff timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) on April 11, 2016.

10.

The EEOC issued a "Notice of Right to Sue" on July 28, 2016, entitling an action to be commenced within ninety (90) days of receipt of that notice.

11.

This action has been commenced within ninety (90) days of receipt of the "Notice of Right to Sue".

## FACTUAL ALLEGATIONS

12.

Mr. Yandell began working for Defendant on or about August 15, 2015, as a Business Develeopment Specialist.

13.

Mr. Yandell has a mental impairment which substantially limits one or more major life activities.

14.

Defendant was aware of Mr. Yandell's disability.

15.

Upon learning of Mr. Yandell's disability, Defendant began to discriminate against Mr. Yandell.

16.

On or about December 27, 2015, Mr. Yandell disclosed his disability, to his Manager, Alex Lassiter, and requested a few days off to seek treatment for symptoms related to his condition.

17.

On January 6, 2016, after disclosing his disability, Mr. Yandell was terminated.

18.

When terminating Mr. Yandell's employment, Defendant demanded that Mr. Yandell return the company laptop and sign release papers.

19.

Although Defendant Gather purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text.

20.

Others outside the Plaintiff's protected class were treated differently.

## **CLAIMS FOR RELIEF**

## **COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF ADA FAILURE TO ACCOMODATE**

21.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

22.

Plaintiff has a mental impairment which substantially limits one or more major life activities including but not limited to concentrating, thinking and working.

23.

Plaintiff's mental impairment is a "disability" within the meaning of the ADA, as amended.

24.

Defendant was aware of Plaintiff's disability.

25.

Defendant received notice of Plaintiff's disability on or about December 27, 2016.

26.

Defendant regarded Plaintiff as having a disability such that he is a person with a disability within the meaning of the ADA, as amended.

27.

Plaintiff has a record of having a disability such that he is a person with a disability within the meaning of the ADA, as amended.

28.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

29.

Defendant terminated Plaintiff's employment, in whole or in part, because of his disability, perceived disability, or record of having a disability.

30.

Defendant terminated Plaintiff's employment within two weeks of receiving notice of his disability.

31.

By terminating Plaintiff's employment because of his disability, perceived disability, or record of having a disability, Defendant violated the ADA, as amended.

32.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pre-text for disability discrimination.

33.

Defendant treated other employees outside Plaintiff's protected class differently.

34.

Defendant's actions in subjecting Plaintiff to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of

the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*.

35.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

36.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and has otherwise adversely affected his status as an employee because of his disability.

37.

As a direct and proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

38.

As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

39.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

## **COUNT II – RETALIATION IN VIOLATION OF THE ADA, AS AMENDED**

40.

Plaintiff re-alleges the preceding paragraphs as if set forth fully herein.

41.

Plaintiff has a mental impairment which substantially limits on or more major life activities including but not limited to communication, thinking and working.

42.

Plaintiff's mental impairment is a "disability" within the meaning of the ADA, as amended.

43.

Defendant was aware of Plaintiff's disability.

44.

Defendant received notice of Plaintiff's disability on or about December 27, 2016.

45.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

46.

Plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

47.

Plaintiff disclosed sensitive details relating to his condition, and was terminated less than two weeks later.

48.

Plaintiff's complaint about disability discrimination and request for accommodation constitutes protected conduct under the ADA, as amended.

49.

Defendant retaliated against Plaintiff by terminating his employment on the basis of his disability.

50.

Defendant's proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendant's retaliatory motive.

51.

Defendant's retaliatory actions against Plaintiff were in violation of the ADA, as amended.

52.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith.

53.

As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

54.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

**WHEREFORE**, Plaintiff judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

(d) Reasonable attorney's fees and expenses of litigation;

(e) Trial by jury as to all issues;

(f) Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant Gather Techonologies, Inc. has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant Gather Techonologies, Inc. from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted the 25th day of October, 2016.

**BARRETT & FARAHANY**

/s/ Taylor J. Bennett
Taylor J. Bennett
Georgia Bar No. 664063

*Attorneys for Clyde Yandell*

1100 Peachtree Street, N.E., Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 Facsimile
taylor@justiceatwork.com

13